

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP–75,611

### EX PARTE BRIAN KEITH KINNETT, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS FROM WICHITA COUNTY

**Meyers, J.,** *filed a dissenting opinion.*

### DISSENTING OPINION

The majority should make a determination regarding whether the water in the toilet was an adulterant or dilutant before addressing whether the statute regarding adulterants and dilutants is facially unconstitutional. Since the majority does not make such a determination, I respectfully dissent.

Applicant did not add the drugs to the water in the toilet to dilute or adulterate the drugs or to increase "the bulk or quantity of a controlled substance." Even if you believe the state's theory that the substance was put into the toilet in order to preserve the drugs

for later use, as discussed in the concurring opinions, this still may not fit the definition of adulterant or dilutant. The majority fails to establish that putting a controlled substance into a vessel of water in order to preserve the controlled substance makes the entire amount of water in the vessel an adulterant or dilutant.

The past cases dealing with this issue involved adulterants or dilutants that had been mixed with the drug either to increase the amount available for sale, or as part of the manufacturing process, or through the actual use of the drug. I agree with those cases, *Wright v. State*, 201 S.W.3d 765 (Tex. Crim. App. 2006), and *Seals v. State*, 187 S.W.3d 417 (Tex. Crim. App. 2005), in which we determined that the legislature promulgated this definition in order to punish to the fullest extent of the law those guilty of the manufacture, sale, or use of controlled substances. Applicant argues that the statute is unconstitutionally vague, over-broad, and has no reasonable relation to these state objectives. He reasons that while the state may be acting in pursuit of permissible state objectives, the means adopted, *i.e.,* the inclusion in the weight of a controlled substance of any material which contains any quantity of a controlled substance, are not reasonably related to the accomplishment of these objectives. I agree that it is more reasonable to read the definition of adulterants and dilutants as including substances that have been commingled with the drugs through their use, as part of the manufacturing process, or in order to increase the amount available for sale. Because I feel that the majority should consider whether the water in which the drugs were placed actually increased the bulk or

quantity of the controlled substance, I respectfully dissent.


Meyers, J.



Filed: February 13, 2008

Do Not Publish